Williams, Judge,
delivered the opinion:
The plaintiff brings this suit for the recovery of $1,234.23, for commutation of - quarters, heat and light, and increased rental and subsistence allowances because of a dependent mother from February 1, 1922, to June 30, 1923.
The plaintiff actually received the dependency allowance because of his mother for the period in question, but it was subsequently determined by the General Accounting Office that the dependency had not been proved and the sum so received by him was deducted from his monthly pay and refunded to the defendant. The first checkage to accomplish this refund was made in October, 1924. Plaintiff’s petition herein was filed on March 7,1930.
The plaintiff’s average contribution to his mother’s support during the period in question was $109.00 per month, while her living expenses were $150.00 per month. She was therefore dependent upon him for her chief support during such ti
The act of May 26,1926 (44 Stat. 654) provides:
“ Be it enacted,, etc., That the Comptroller General of the United States is hereby, authorized and directed to allow credit in the accounts of disbursing officers for payments of commutation of quarters, heat, and light under the act approved April 16, 1918 (40th Statutes, page 530), because of a dependent parent, and as rental and subsistence allowance under the act of June 10,1922 (42d Statutes, page 625), because of a dependent mother, made in good faith by disbursing officers prior to July 1, 1923: Provided, That where the payee responded to a needy family condition in an amount at least equal to the allowances obtained by him, no collection shall be made on account of payment of the allowances to him prior to July 1, 1923; and amounts heretofore collected as refund of the allowances obtained in such cases prior to July 1, 1923, notwithstanding the protest of the payee, either by stoppage of pay, payment in cash, .allotment of pay, or offset, shall be refunded; but this proviso shall not be applicable where the payee has admitted there was no dependency on him, or where he has refused to furnish evidence of the dependency, or where the payee has voluntarily refunded the payments in whole or in part, or has submitted no claim for the allowances in the nature of a protest against offset of his pay as refund of the payments.”
*310 Under this remedial act, the plaintiff is entitled to recover the amount checked against him and refunded in the manner aforesaid. Halloran v. United States, 69 C. Cls. 59.
Judgment is therefore awarded plaintiff in the sum of $1,231.23. It is so ordered.
Whaley, Judge; LittletoN, Judge; Gheest, Judge; and Booth, Chief Justice, concur.